IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| THOMAS SCOTT DERADO | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:13-cv-112 |
| | § | |
| KEVIN WILLOUGHBY AND | § | |
| NO LIMIT TRUCKING LLC | § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES COURT:

NOW COMES **Thomas Scott Derado**, hereinafter referred to as "Plaintiff", complaining of **Kevin Willoughby and No Limit Trucking LLC**, hereinafter referred to as "Defendants" and for cause of action would respectfully show the Court and jury as follows:

### A.
### PARTIES

1.   Plaintiff, Thomas Scott Derado, is a resident of the State of North Carolina and resides in Calabash, North Carolina .

2.   Defendant, Kevin Willoughby, is an individual and a resident of Philadelphia, Pennsylvania, and **may be served with process by Certified Mail, Return Receipt Requested at the following address:**

**Defendant, Kevin Willoughby
6621 Carnelius Street
Philadelphia, Pennsylvania 19138**

3.   Defendant, **No Limit Trucking LLC**, is a foreign corporation who engages in business in this State, but does not maintain a regular place of business in this State or a designated agent for service of process. Defendant has its' principal place of business in

Pennsylvania at 428 North 22nd Street, Allentown, Pennsylvania 18104. Service of process on Defendant, **No Limit Trucking LLC**, may be made according to the U.S. Department of Transportation, pursuant to FMCS Regulation 49 CFR Part 366, by serving its Process Agent for Service for the State of Texas, as follows:

> **Defendant, No Limit Trucking LLC**
> **By and through its Process Agent for Service**
> **United States Corporation Agents, Inc.**
> **12301 Research Park Blvd., Bldg. 4, Suite 200**
> **Austin, Texas 78759**

4.  Service of process on Defendant, No Limit Trucking LLC **may also be served with process by Certified Mail, Return Receipt Requested by serving its' owner at the following address:**

> **Defendant, No Limit Trucking LLC**
> **By and through its' owner, William Rosario, Jr.**
> **428 North 22nd Street**
> **Allentown, Pennsylvania 18104.**

B.
### JURISDICTION AND VENUE

5.  This Court has jurisdiction over the lawsuit under 28 U.S.C. §1332 because the suit is between citizens of a State and citizens or subjects of a foreign state, and the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and cost.

6.  Venue is proper in the Southern District of Texas, Laredo Division, in that the events or omissions giving rise to the claim occurred in Webb County, Texas.

C.
### FACTS

7.  On or about April 8, 2012, Plaintiff, Thomas Scott Derado, was a pedestrian standing in a parking lot of the Flying J truck stop located at 1011 Beltway Parkway in Laredo,

Webb County, Texas. Defendant, Kevin Willoughby, was operating a 2007 freightliner trailer owned by Defendant, No Limit Trucking Inc., and was pulling out of a parking space when he impacted Plaintiff causing him to fall and the trailer ran over Plaintiff causing significant bodily injuries and damages to Plaintiff.

## D.
## NEGLIGENCE

8. At the time of the incident in question, Defendant, Kevin Willoughby, was operating the semi tractor trailer in question in a negligent manner. Specifically, Defendant, Kevin Willoughby, had a duty to exercise ordinary care in the operation of the semi tractor trailer in question and breached that duty in one or more of the following respects:

   a. Driver inattention;

   b. Failing to control speed;

   c. Failing to control his semi tractor trailer in a safe manner;

   d. Failing to keep a lookout for pedestrians;

   e. Failing to timely apply his brakes in order to avoid the impact;

   f. Failing to keep such lookout as a person of ordinary prudence would have under the same or similar circumstances; and

   g. Driving negligently.

9. Plaintiff contends Defendant, Kevin Willoughby, was operating the semi tractor trailer in question in the course and scope of his employment for Defendant, No Limit Trucking Inc., and as such, Defendant, No Limit Trucking Inc., is vicariously liable for the acts and/or omissions of its' agent and/or employee and Plaintiff hereby invokes the doctrine of *Respondeat Superior*. Plaintiff contends the acts and omissions described above were a proximate cause of

the injuries and damages sustained by Plaintiff.

## E.
## DAMAGES

10. Plaintiff alleges that as a direct and proximate result of the acts and/or omissions on the part of Defendant, Kevin Willoughby, Plaintiff sustained severe and permanent bodily injuries and is entitled to recover the following legal damages:

    a. Past and future physical pain and suffering;

    b. Past and future mental anguish;

    c. Past and future physical impairment;

    d. Past and future medical expenses; and

    e. Past and future lost earnings and loss of earning capacity.

11. Plaintiff would demonstrate that the foregoing damages were the proximate result of the wrongdoing of the Defendants, and/or in an amount in excess of the minimum jurisdiction of this Court.

12. Plaintiff seeks pre-judgment interest and post-judgment interest as allowed by law.

## JURY DEMAND

13. Plaintiff demands a trial by jury of all issues triable of right.

## PRAYER

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer herein, that this case be set down for a trial by a jury, and that Plaintiff have judgment against Defendants for his actual damages in such amount as the evidence may show

and the jury may determine proper, together with pre-judgment interest and post-judgment interest, cost of suit, and such other and further relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

THE BATES LAW FIRM
630 Broadway Street
San Antonio, Texas 78215
(210) 226-3777 Telephone
(210) 226-3786 Facsimile

By: _____
Harry S. Bates
Texas Bar No. 01903900
ATTORNEY FOR PLAINTIFF